Filed 2/26/14  Hobbs v. Verizon California CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EARL A. HOBBS, | B249131 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. TC026703) |
| VERIZON CALIFORNIA INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William P. Barry, Judge.  Affirmed.

Earl A. Hobbs, in pro. per., for Plaintiff and Appellant.

Scheper Kim & Harris, Alexander H. Cote and Devon Myers for Defendant and Respondent.

Plaintiff and appellant Earl Hobbs[1] filed this action against Verizon California, Inc. as a *qui tam* plaintiff for the Cities of Compton, Bell, Claremont, Inglewood and Pomona pursuant to the California False Claims Act (Gov. Code, § 12650, et seq.) based on Verizon's alleged failure to collect sufficient taxes from its customers. This lawsuit is similar to previous lawsuits Hobbs filed which also alleged that Verizon under-collected taxes. Here, Verizon moved for judgment on the pleadings on the grounds that the court lacked jurisdiction under the False Claims Act because the claim was based on publicly disclosed information. The trial court granted the motion and entered judgment in favor of Verizon. On appeal, Hobbs argues that an exception to the "public disclosure bar" applies because he is the "original source" of the information on which the complaint's allegations are based. We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Hobbs was employed by the City of Long Beach as an auditor beginning in 1981. In 1999, he conducted an investigation at the request of his supervisor regarding the collection of utility user's tax by cellular telephone companies. The audit revealed that Verizon had not collected or remitted the proper amount of tax. The assistant city auditor started working with a consortium of other similarly affected cities to resolve the under-collection of the tax.

---

[1]  Although Hobbs' appellate briefs and filings in the trial court list him as an attorney with a State Bar Number, the State Bar website indicates that he has been an inactive member of the State Bar of California since 2006. (http://www.calbar.ca.gov/fal/Member/Detail/145126 [as of January 29, 2014].)

2

In April 2002, Hobbs, in his capacity as a private attorney, filed a putative class action lawsuit against the City of Los Angeles, AT&T and Verizon, on behalf of citizens of Los Angeles who were cellular customers of Sprint, Nextel and Cingular.[2] The action alleged, *inter alia*, that Verizon had under-collected utility user's tax from its customers which resulted in class members paying more tax than Verizon customers. The complaint was amended to add a cause of action under the False Claims Act on behalf of 12 California cities. The cities successfully moved to dismiss this claim.

In September 2003, Hobbs filed an action as a *qui tam* plaintiff under the False Claims Act against the City of Los Angeles, the City of Long Beach, AT&T and Verizon. Hobbs alleged, *inter alia*, that Verizon was under-collecting tax from its customers and that the cities had conspired to permit Verizon to collect a lesser amount of taxes. The cities successfully moved to dismiss the complaint on several grounds, including that the court did not have jurisdiction under the False Claims Act because the lawsuit was based upon publicly disclosed information.

In April 2010, Hobbs again sued Verizon as a *qui tam* plaintiff under the False Claims Act, this time on behalf of the Cities of Long Beach and Los Angeles. He alleged that Verizon failed to collect taxes on $6.50 of its monthly charges to customers. Each city moved to dismiss the *qui tam* portion of the action on the grounds that the transactions at issue were the subject of audits by each city's auditor. The trial court granted the motions to dismiss.

---

[2]     Hobbs was still an employee of the City of Long Beach at this time, and was fired for pursuing the lawsuit as a private attorney. He sued for wrongful termination.

In July 2012, Hobbs filed the lawsuit at issue here.  He sued Verizon once more as a *qui tam* plaintiff pursuant to the False Claims Act , this time on behalf of the Cities of Compton, Bell, Claremont, Inglewood and Pomona.  His complaint alleged, yet again, that Verizon had "not collected taxes on $6.50 in monthly charges to customers . . . . " Verizon moved for judgment on the pleadings on several grounds, including that, under the False Claims Act, the court lacked jurisdiction over the action because it was based on publicly disclosed allegations.  The trial court granted the motion and dismissed the action.   Hobbs timely appealed.

## CONTENTIONS

Hobbs contends that the trial court erred in concluding that it lacked jurisdiction over this action because the "original source" exception to the False Claims Act's "public disclosure bar" applied.

## DISCUSSION

1.    *Standard of Review*

"The standard of review for a motion for judgment on the pleadings is the same as that for a general demurrer:  We treat the pleadings as admitting all of the material facts properly pleaded, but not any contentions, deductions or conclusions of fact or law contained therein. We may also consider matters subject to judicial notice.  We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any theory.  [Citation.]"  (*Dunn v. County of Santa Barbara* (2006) 135 Cal.App.4th 1281, 1298.)  When a demurrer is sustained without leave to amend, we review the decision to deny leave to amend to determine "whether there is

4

a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion" in denying leave to amend. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The burden of proving a reasonable possibility of curing the defect "is squarely on the plaintiff." ( *Ibid.*)

      2.      *The Trial Court Properly Granted Verizon's Motion for Judgment on the Pleadings*

The False Claims Act is "designed 'to supplement governmental efforts to identify and prosecute fraudulent claims made against state and local governmental entities' by authorizing private parties (referred to as qui tams or relators) to bring suit on behalf of the government. [Citation.]" (*American Contract Services v. Allied Mold & Die, Inc.* (2001) 94 Cal.App.4th 854, 858.) The statute "imposes liability on any person who knowingly *presents* a false or fraudulent claim for payment to the government − a 'traditional' false claim − or who knowingly makes or uses a false statement to *avoid* paying the government − a 'reverse' false claim." (*Mao's Kitchen, Inc. v. Mundy* (2012) 209 Cal.App.4th 132, 152-153 (*Mao's*).)

However, the False Claims Act also " 'erects a jurisdictional bar to qui tam actions that do not assist the government in ferreting out fraud because the fraudulent allegations or transactions are already in the public domain.' " (*Mao's, supra,* at p. 146.) Accordingly, the statute provides that " '[n]o court shall have jurisdiction' " over a private *qui tam* action "based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in an investigation, report,

hearing, or audit conducted by [the] governing body of a political subdivision, or by the news media . . . . " (*Ibid.*)

"The jurisdictional bar is 'triggered whenever a plaintiff files a qui tam complaint containing allegations or describing transactions "substantially similar" to those already in the public domain so that the publicly available information is already sufficient to place the government on notice of the alleged fraud.' [Citation]." (*State of California v. Pacific Bell Telephone Co.* (2006) 142 Cal.App.4th 741, 748.) " 'A qui tam plaintiff bears the burden of establishing that the exercise of the court's jurisdiction is proper.' " (*Mao's, supra,* 209 Cal.App.4th at p. 147.)

Here, the complaint alleged that the cities at issue had imposed a tax on telephone services but that Verizon improperly excluded certain services charges from the tax. Substantially similar allegations were made in Hobbs's prior lawsuits against Verizon. Hobbs does not dispute this but argues that the "original source" exception to the public disclosure bar applies.

The False Claims Act's public disclosure bar "is relaxed only if the qui tam plaintiff was an original source of the disclosure. (Gov. Code, § 12652, subd. (d)(3)(B).) . . . . To be an original source, a plaintiff must have 'direct and independent knowledge of the information on which the allegations are based,' have 'voluntarily provided the information to the state or political subdivision before filing an action based on that information,' and have furnished information that 'provided the basis' for the hearing that led to the public disclosure. (Gov. Code, § 12652,

subd. (d)(3)(B).)" (*State of California ex rel. Standard Elevator Co., Inc. v. West Bay Builders, Inc.* (2011) 197 Cal.App.4th 963, 978.)

Hobbs argues only that he was the "original source" of the underlying allegations because he "fil[ed] litigation and g[ave] an interview to the news media" citing to excerpts from an interview he allegedly gave in 2010. That Hobbs initiated litigation and gave an interview does not establish that he had "direct and independent knowledge" of the alleged fraud, only that he helped publicize it. Furthermore, Hobbs did not allege these facts in his complaint, and thus, they were not before the court when it considered the motion for judgment on the pleadings.[3] Accordingly, Hobbs did not meet his burden of showing that he was the "original source" of the complaint's allegations, and the trial court correctly determined that it had no jurisdiction over this action.[4]

---

[3]     The record also does not indicate that Hobbs asked the trial court for leave to amend to allege these facts, and he does not argue now that there is a reasonable possibility he could amend the complaint to cure its defects.

[4]     We also note that Division Eight of the Court of Appeal for this appellate district has already provided an instructive analysis as to why Hobbs was not the "original source" of the information uncovered by the 1999 audit: "The [False Claims Act] specifically defines 'original source' for these purposes, and the definition requires that the source's information be the 'basis or catalyst' for the audit that led to the public disclosure of the information . . . .  In this case, Hobbs's audits and investigations were performed in the course of his employment as staff auditor or deputy city auditor by the City of Long Beach. In *Hobbs v. City of Long Beach, supra,* NC033380, Hobbs specifically alleged that he was assigned to investigate the city's collection of cellular telephone utility user taxes. His investigations revealed that AT & T and Verizon were not applying Long Beach's utility users tax to airtime while other wireless operators were doing so. Consequently, the information about AT & T and Verizon's application of the tax, upon which Hobbs's false claims allegations are founded, was not the 'basis or catalyst for the investigation' that led to disclosure of the information. Indeed,

7

*DISPOSITION*

The judgment is affirmed.  Verizon shall recover its costs on appeal.


*NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*


                                                        CROSKEY, J.

WE CONCUR:



        KLEIN, P. J.



        ALDRICH, J.

---

precisely the opposite is so.  Hobbs discovered the information as a result of an investigation assigned to him by his superiors.  As the cities point out, under Hobbs's theory, any auditor who discovers a tax irregularity as the result of an audit would be entitled to bring a false claims action and obtain a percentage of the taxes recovered.  That result is not within the contemplation of the Act, as the definition of 'original source' plainly confirms.  Accordingly, because Hobbs was not the 'original source' of the information within the meaning of the statute, the court had no jurisdiction over his false claims action."  (*Hobbs v. City of Los Angeles* (Sept. 23, 2005, B175028 [nonpub. opn.]).)